UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| MADELYN PEREDNIA, | Case No:  20-cv-2426 |
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| PING PONG VENTURE GROUP, LLC D/B/A SMASH, PING PONG ENTERTAINMENT LLC, DHANDEO MOHABIR, AND BENJIN PHILIP, | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff, Madelyn Perednia ("Perednia" or "Plaintiff"), by her attorneys, Moser Law Firm, P.C., as and for her complaint in this action against Ping Pong Venture Group, LLC d/b/a Smash ("Ping Pong"), Ping Pong Entertainment LLC ("Entertainment"), Dhandeo Mohabir ("Mohabir"), and Benjin Philip ("Philip")(Ping Pong, Entertainment, Mohabir, and Philip collectively "Defendants") hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action against Defendants as a result of Defendants' various unlawful practices including, but not limited to, failing to pay Plaintiff overtime, making unlawful deductions from Plaintiff's wages, failing to provide notices required by New York Labor Law ("NYLL") Section 195, and unlawfully terminating Plaintiff due to her disability.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 201, *et seq.* since, *inter alia*, claims for relief predicated upon the Fair Labor Standards Act ("FLSA") arise under federal law.

3. Pursuant to 28 U.S.C. § 1367, the doctrine of supplemental jurisdiction, the Court maintains jurisdiction over the balance of Plaintiff's claims.

4. Pursuant to 28 U.S.C. § 1391, the claims set forth herein are properly brought forth in the United States District Court for the Eastern District of New York since, *inter alia*, the events and omissions giving rise to Plaintiff's claims occurred in the Eastern District and as all four Defendants are residents of the Eastern District.

## THE PARTIES

5. Plaintiff Madelyn Perednia is a natural person and a resident of the State of New York, County of Suffolk.

6. At all times relevant herein, Perednia met the definition of an "employee" under all relevant statutes/laws, including, but not limited to, 29 U.S.C. § 203(e), and NYLL § 190(2).

7. Defendant Ping Pong is a foreign limited liability company licensed to do business in the State of New York.

8. At all times relevant herein, Defendant Ping Pong met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

9. Defendant Entertainment is a domestic limited liability company licensed to do business in the State of New York.

10. At all times relevant herein, Defendant Entertainment met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

11. Upon information and belief, Defendant Entertainment is an owner of Defendant Ping Pong and has active control of same.

12. Upon information and belief, Defendant Entertainment has operational control of Defendant Ping Pong, sets the weekly work-hours of employees, has the power to establish the

wages of the employees of Defendant Ping Pong, implements and supervises the wage and hour practices and policies relating to employees of Defendant Ping Pong, controls significant business functions of Defendant Ping Pong, determines employees' salaries, hires and fires employees, maintains the employee records of Defendant Ping Pong and acts directly and indirectly for and in the interest of Defendant Ping Pong.

13. Upon information and belief, Defendant Mohabir is a natural person and a resident of the State of New York, County of Nassau.

14. Defendant Mohabir is an owner of Defendant Ping Pong and has active control of same.

15. Upon information and belief, Defendant Mohabir has operational control of Defendant Ping Pong, sets the weekly work-hours of employees, has the power to establish the wages of the employees of Defendant Ping Pong, implements and supervises the wage and hour practices and policies relating to employees of Defendant Ping Pong, controls significant business functions of Defendant Ping Pong, determines employees' salaries, hires and fires employees, maintains the employee records of Defendant Ping Pong and acts directly and indirectly for and in the interest of Defendant Ping Pong.

16. At all times relevant herein, Defendant Mohabir met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

17. Upon information and belief, Defendant Philip is a natural person and a resident of the State of New York, County of Nassau.

18. Defendant Philip is an owner of Defendant Ping Pong and has active control of same.

19. Upon information and belief, Defendant Philip has operational control of Defendant Ping Pong, sets the weekly work-hours of employees, has the power to establish the wages of the employees of Defendant Ping Pong, implements and supervises the wage and hour practices and policies relating to employees of Defendant Ping Pong, controls significant business functions of Defendant Ping Pong, determines employees' salaries, hires and fires employees, maintains the employee records of Defendant Ping Pong and acts directly and indirectly for and in the interest of Defendant Ping Pong.

20. At all times relevant herein, Defendant Philip met the definition of an "employer" under all relevant statutes/laws, including, but not limited to, to 29 U.S.C. § 203(d), and NYLL § 190(3).

21. Defendants own and operate a Ping Pong House/Bar and Kitchen called Smash ("Smash") located at 2953 Hempstead Turnpike, Levittown, NY.

## FACTUAL ALLEGATIONS

22. Plaintiff began her employment at Smash in December 2018.

23. Plaintiff entered into an employment agreement with Defendants that set forth, *inter alia*, her title, salary, benefits, and paid time off.

24. Pursuant to the agreement, Plaintiff was hired to be Smash's "Operations Manager."

25. Pursuant to the agreement, Plaintiff was to be paid $47,500 per year.

26. Pursuant to the agreement, Plaintiff was to receive benefits.

27. Pursuant to the agreement, Plaintiff was to receive paid time off.

28. Notwithstanding Plaintiff's title, she spent the vast majority of her time engaged in manual non-exempt work, including, but not limited to: (a) bartending; (b) serving; (c) acting

as a hostess; (d) mopping; (e) cleaning bathrooms; (f) washing windows; (g) sweeping sidewalks; and (h) performing other day-to-day maintenance tasks.

29. Given the sheer volume of Plaintiff's duties, including being constantly on call via text or phone call, Plaintiff worked both before and after Smash's operating hours to perform her tasks.

30. With very limited exception, Plaintiff worked between 52.5 and 80 hours a week during her employment at Smash meaning that Plaintiff worked between 12.5 and 40 hours of overtime a week.

31. Notwithstanding the significant amount of overtime Plaintiff worked, she was never paid a single dollar for her overtime hours.

32. When Plaintiff was paid, she was paid in cash and/or by check and was not provided the wage statements required by NYLL § 195 (3).

33. Plaintiff was also never provided with the notice required by NYLL § 195 (1) upon her hiring or at any subsequent time.

34. Plaintiff suffers from epilepsy.

35. On June 29, 2019, Plaintiff felt the onset of a seizure.

36. Given the potential seizure, Plaintiff was unable to go to work and advised Defendants of her status.

37. Defendant Philip told Plaintiff to take her time to recover.

38. The following day, Defendant Philip told Plaintiff that she should not come into work until she received clearance from her doctor including a doctor's note stating that she could return to work.

39. On July 3, 2019, Plaintiff returned to work with the doctor's note requested by Defendant Philip.

40. Shortly thereafter, on July 14, 2019, Defendants terminated Plaintiff without justification as a direct result of her disability.

41. Subsequent to her termination, Plaintiff contacted Defendants several times to inquire as to the status of her health insurance to no avail.

42. At no time did Defendants provide Plaintiff with the notice required by NYLL § 195 (6).

43. Believing that her insurance was in place, and indeed receiving confirmation from United Health Care that her insurance was still in place, Plaintiff had several doctors' appointments and a surgery.

44. Said doctors' appointments and surgery cost in excess of $40,000.

45. It was not until after the appointments and surgery that Plaintiff became aware that her insurance had been terminated.

46. Indeed, Plaintiff subsequently found out that Defendants had terminated coverage on September 5, 2019 and backdated the termination to July 31, 2019.

47. Notably, Defendants had been dropping Plaintiff from medical coverage intermittently notwithstanding that they continued to deduct money from her wages for medical insurance.

48. Various medical providers are now seeking money from Plaintiff for the appointments and surgery.

49. At all times relevant herein, Plaintiff performed her job with the highest degree of professionalism, competence and integrity.

50. Defendants had the power to hire, fire and discipline Plaintiff.

51. Defendants supervised and controlled Plaintiff's work schedules and conditions of employment.

52. Defendants also maintained records relevant to Plaintiff's employment.

53. Defendants determined the rate and method of Plaintiff's pay.

54. At all times, Defendants' actions were willful, unlawful and taken in bad faith within the meaning of the pertinent laws/statutes.

**FIRST CLAIM FOR RELIEF**
**UNPAID OVERTIME WAGES UNDER THE FLSA**

55. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 54 above as if set forth fully at length herein.

56. The FLSA is applicable to Defendants as, *inter alia*, there is enterprise coverage in that, upon information and belief, Defendants do business in excess of $500,000 a year.

57. The FLSA is also applicable as Plaintiff is individually covered given that her job involved interstate commerce including, but not limited to, (1) regularly making or receiving phone calls and exchanging emails with large national vendors and/or distributors who have offices/headquarters outside of New York State, including but not limited to, Southern Glazer's Wine & Spirits (alcohol distributor), Sysco (food vendor), Ecolab (cleaning supplies distributor), Libbey (tableware distributor), and Restaurant Depo (general restaurant supplies vendor), for the purpose of ordering goods and (2) regularly handling credit card transactions (using company credit card for purchases and processing credit card transactions from customers).

58. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA.

59. At all times relevant to this action, Plaintiff was entitled to overtime pursuant to the FLSA (29 U.S.C. 201 et seq.)

60. As set forth above, Plaintiff was not paid any overtime wages for the substantial overtime hours she worked.

61. Defendants' failure to pay Plaintiff overtime was willful and in bad faith.

62. As a result of the foregoing, Plaintiff has been denied earned wages required under the FLSA and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## UNPAID OVERTIME WAGES UNDER THE NYLL

63. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if set forth fully at length herein.

64. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law.

65. At all times relevant to this action, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime wages at rates of at least 1.5 times her regular/normal rate of pay for each and all hours she worked in excess of forty in violation of New York Labor Law (§ 190 et seq, § 650 et seq, and/or 12 NYCRR 142).

66. As a result of the foregoing, Plaintiff has been denied earned wages required under the NYLL and has suffered substantial economic damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE NYLL § 195 (1) NOTICE

67. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 66 above as if set forth fully at length herein.

68. Pursuant to NYLL § 195 (1), Defendants were obligated to provide Plaintiff at the time of her hiring with a notice containing, *inter alia*, the following information: the employee's rate of pay, allowances to be taken, the regular payday, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer.

69. Defendants failed to provide Plaintiff with such notice.

70. As a result of the foregoing, Plaintiff is entitled to $5,000 plus costs and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE NYLL § 195 (3) STATEMENTS

71. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 70 above as if set forth fully at length herein.

72. Pursuant to NYLL § 195 (3), Defendants were obligated to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia*, the following: the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Additionally, for all employees who are not exempt from overtime compensation as established in the pertinent minimum wage

orders or otherwise provided by New York state law or regulation, the wage statements are required to include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

73. Defendants failed to provide Plaintiff with wage statements.

74. As a result of the foregoing, Plaintiff is entitled to $5,000 plus costs and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO PROVIDE NYLL § 195 (6) Notice

75. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 74 above as if set forth fully at length herein.

76. Pursuant to NYLL § 195 (6), Defendants were required to notify Plaintiff in writing of the exact date of her termination as well as the exact date of cancellation of employee benefits connected with such termination. Such notice is required to be provided within five working days after the date of such termination. Failure to provide notice to an employee subjects an employer to penalties pursuant to, *inter alia*, NYLL § 217.

77. Plaintiff was never provided with the required termination notice.

78. As such, Plaintiff is entitled to appropriate damages including, but not limited to, reimbursement of Plaintiff's medical expenses.

79. As a result of the foregoing, Plaintiff is entitled to appropriate damages in an amount to be determined at trial including, but not limited to, $5,000 and reimbursement of Plaintiff's medical expenses.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW**

80. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 79 above as if set forth fully at length herein.

81. Section 296 of the New York State Human Rights Law provides, in pertinent part, that it is an unlawful discriminatory practice for an employer to discharge an individual from employment as a result of a disability.

82. Plaintiff suffers from a disability, epilepsy, within the meaning of all pertinent laws and statutes including the New York State Human Rights Law.

83. Defendants terminated Plaintiff as a result of her condition.

84. As such, Defendants violated New York State Human Rights Law.

85. Defendants' actions in, *inter alia*, terminating Plaintiff go so far beyond the bounds of decency as to shock the conscience. Said actions were wanton, willful and malicious.

86. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial which is to include, but not be limited to, front pay, back pay, compensatory damages, liquidated damages, attorneys' fees and costs, punitive damages, and/or emotional distress damages.[1]

**SEVENTH CLAIM FOR RELIEF**
**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF NYLL § 193**

87. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 86 above as if set forth fully at length herein.

88. NYLL § 193 prohibits unlawful deductions from wages.

---

[1] Plaintiff has filed a complaint with the Equal Employment Opportunity Commission and intends to amend her instant complaint to include a violation of the Americans with Disabilities Act of 1990, as amended, once a right to sue letter is obtained.

11

89. Defendants made unlawful deductions from Plaintiff's wages for, *inter alia*, medical insurance when, in fact, Defendants were not maintaining Plaintiff's medical insurance.

90. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial including, but not limited to, the amount of the unlawful deductions, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

91. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 90 above as if set forth fully at length herein.

92. Plaintiff had an employment agreement with Defendants.

93. Plaintiff's employment agreement with Defendants required Defendants to provide her with benefits.

94. Defendants failed to provide same.

95. Plaintiff's employment agreement with Defendants also required Defendants to provide Plaintiff with paid time off.  Specifically, Plaintiff accrued 2.25 days of PTO per month. Upon her termination, Defendants failed to pay Plaintiff for her unused and accrued paid time off.

96. Plaintiff performed all of her obligations under her employment agreement with Defendants.

97. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**JURY DEMAND**

98. Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. On the first claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs;

B. On the second claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, unpaid overtime wages, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs;

C. On the third claim for relief, awarding Plaintiff $5,000 plus costs and reasonable attorneys' fees;

D. On the fourth claim for relief, awarding Plaintiff $5,000 plus costs and reasonable attorneys' fees;

E. On the fifth claim for relief, awarding Plaintiff appropriate damages in an amount to be determined at trial including, but not limited to, $5,000 and reimbursement of Plaintiff's medical expenses;

F. On the sixth claim for relief, awarding Plaintiff damages in an amount to be determined at trial which is to include, but not be limited to, front pay, back pay, compensatory damages, liquidated damages, attorneys' fees and costs, punitive damages, and/or emotional distress damages;

G. On the seventh claim for relief, awarding Plaintiff damages in an amount to be determined at trial, inclusive of, but not limited to, the unlawful deductions, liquidated damages, pre-judgment interest, and/or attorneys' fees and costs;

H. On the eighth claim for relief, awarding Plaintiff damages in an amount to be determined at trial;

I. Awarding Plaintiff all wages and benefits which would have been received by Plaintiff but for Defendants' violation of the aforementioned/pertinent statues;

J. Awarding Plaintiff liquidated damages relating to all lost/unpaid wages, as provided by law;

K. Awarding Plaintiff statutory damages for Defendants' violations of the notice requirements pursuant to NYLL § 195, and injunctive and declaratory relief as provided by NYLL § 198;

L. Pre-judgment and post-judgment interest as provided by law;

M. Appropriate equitable and injunctive relief to remedy violations, including but necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

N. Awarding Plaintiff punitive damages;

O. Awarding Plaintiff reasonable attorneys' fees and the litigation costs of this action;

P. Awarding Plaintiff the costs and disbursements of this action, including expert fees and disbursements; and

Q. Such other and further relief as this Court may deem just, proper and equitable.

Dated: Huntington, New York
May 15, 2020

**MOSER LAW FIRM, P.C.**

By: _____.
Steven J. Moser, Esq.
Paul A. Pagano, Esq.
*Attorneys for Plaintiff*
5 East Main Street
Huntington, New York 11743
(516) 671-1150
paul.pagano@gmail.com

## Consent Form

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* against my former employer(s) Ping Pong Venture Group, LLC d/b/a Smash, Ping Pong Entertainment LLC, Dhandeo Mohabir, and Benjin Philip to secure any relief that may be awarded, including unpaid wages, liquidated damages, attorneys' fees and costs, and other relief arising out of my employment with the foregoing entities and individuals.

2. I did not receive wages for overtime hours worked during my employment with Defendants.

3. Additionally, as set forth in the foregoing complaint, I was terminated as a result of my disability.

4. I authorize Moser Law Firm, P.C. to represent me in this case.

Date: May 18th, 2020

_Madelyn Peredn_
Signature

_Madelyn Perednia_
Print Name